IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|                                               ) | |
|         Plaintiff,    ) | |
|                                               ) | |
| v.    ) | Case No. CR-09-116-C |
|                                               ) | |
| JASON LEE CERRE, SR.,    ) | |
|                                               ) | |
|         Defendant.    ) | |

MEMORANDUM OPINION AND ORDER

Defendant Cerre has filed a motion pursuant to Fed. R. Crim. P. 12(b), seeking dismissal of the Indictment. In support of his motion, Defendant Cerre argues the Indictment is unconstitutionally vague because the Oklahoma law[*] on which it relies is facially invalid. Specifically, Defendant argues the term "adequate" is vague as it is not defined in the Oklahoma Statutes or Jury Instructions. In response, Plaintiff notes that the remainder of the Indictment clearly spells out the basis on which Defendant's care is alleged to be inadequate.

The Court finds Defendant's argument without merit. To the extent he argues the statute is vague as others may not recognize that certain conduct is prohibited, the Supreme Court has rejected the ability to challenge a statute on another's behalf. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) (One "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the

---

[*] Defendant was charged with a crime occurring in Indian country. Therefore, pursuant to 18 U.S.C. § 1153, the laws of Oklahoma define the nature of the crime and the punishment imposed for a violation.

law as applied to the conduct of others."). Here, the conduct for which Defendant is charged is clearly proscribed. Any person of ordinary intellect would recognize that similar conduct was illegal whether they were aware of a law prohibiting it or not. Thus, the concern which the Tenth Circuit addressed in United States v. Salazar, 720 F.2d 1482 (10th Cir. 1983), is not present here. In addressing the concerns posed by vague laws, the Circuit stated:

> because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning.

Id. at 1485. Consequently, Defendant's argument that the law is vague is rejected.

Alternatively, Defendant's motion can be read to challenge the sufficiency of the Indictment to apprise him of the charges against which he must defend. Again, the Court finds this argument without merit. As noted by Plaintiff, the Indictment specifies the acts for which Defendant is charged with specific factual allegations. The Indictment also specifies the laws which Plaintiff asserts were violated by those acts. Under Tenth Circuit precedent, the Indictment is sufficient. See United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003) ("An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense.") (citing United States v. Avery, 295 F.3d 1158, 1174 (10th Cir. 2002)).

For the reasons set forth herein, the Court finds the Indictment is sufficient and Defendant cannot challenge the statute for vagueness. Therefore, Defendant's Motion to Dismiss Indictment (Dkt. No. 27) is DENIED.

IT IS SO ORDERED this 27th day of July, 2009.

ROBIN J. CAUTHRON
United States District Judge