IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| )  | |
| Plaintiff,       ) | |
| )  | |
| v.                                                          ) | Case No. CR-09-116-C |
| )  | |
| JASON LEE CERRE, SR.,                 ) | |
| )  | |
| Defendant.       ) | |

MEMORANDUM OPINION AND ORDER

Defendant Cerre filed a Motion to Suppress the oral and written statements he made on November 17, 2008, and December 12, 2008. Plaintiff filed a response and the Court held an evidentiary hearing on the issue. As announced at that hearing, Defendant's motion is denied.

Defendant was interviewed at his residence on November 17, 2008, by FBI Special Agent Scott Billings and Bureau of Indian Affairs Special Agent Andrew Wiley. The interview occurred outside the residence at a picnic table. The evidence establishes that at no time was Defendant in custody or coerced into making any statement. Thus, the Court finds that any statement made by Defendant Cerre on November 17, 2008, was voluntary and Defendant's motion on this issue will be denied.

On December 12, 2008, Defendant Cerre went to the Stillwater office of the FBI and took a polygraph examination. Prior to the examination, Defendant signed an Advice of Rights form which established that he was aware of his rights as established by Miranda.[*] Defendant also signed a Consent to Interview with Polygraph form. Defendant argues the signing of the

---

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

polygraph form, which did not contain any advisement of Miranda rights, was a superseding event which rendered the earlier signed Advice of Rights void. The Court disagrees. There was a relatively short time frame between the two forms (2 minutes); it was clear that the entirety of the interviews to be done that day were to examine what role if any, Defendant played in the injuries to his daughter; and that topic was the subject of the polygraph and subsequent interview. No reasonable person could have failed to understand that the Advice of Rights form controlled any and all statements made during the day to the agents. Thus, the Court finds the Consent to Interview with Polygraph form did not vitiate the waiver of rights signed a mere two minutes earlier. Because Defendant's statements were voluntarily made and he agreed to waive his rights under Miranda, it is unnecessary to resolve his argument that he was in custody when the statements were made.

For the reasons set forth herein, Defendant Jason Lee Cerre Sr.'s Motion to Suppress the Oral and Written Statements Made Before, During and Following the Polygraph Examination on 12/20/08 [sic] and Motion to Suppress Statements made on 11/19/08 [sic] (Dkt. No. 29) is DENIED.

IT IS SO ORDERED this 19th day of August, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge